B18WH (Form 18WH) (08/07)

# District Court of Guam

**Bankruptcy Division
4th Floor, U.S. Courthouse
520 West Soledad Avenue
Hagatna, Guam 96910**

Case No. <u>08–00091</u>
**Chapter 13**

*In re:

| | |
|---|---|
| Fernando R. Camposano | Zenaida F. Camposano |
| 127 Sigidiyas Ct., Astumbo Gardens | 127 Sigidiyas Ct., Astumbo Gardens |
| Dededo, GU 96929 | Dededo, GU 96929 |

Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s).(if any):
xxx–xx–2981       xxx–xx–6042

Employer's Tax–Identification (EIN) No(s).(if any):


## DISCHARGE OF DEBTOR BEFORE COMPLETION
## OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1328(b) of title 11, United States Code, (the Bankruptcy Code).


BY THE COURT

Dated: **April 30, 2010**          **/s/ Frances Tydingco–Gatewood**
Chief Judge, District Court of Guam


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

---

* *Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social–security numbers or individual taxpayer–identification numbers.*

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE BEFORE COMPLETION OF PLAN PAYMENTS

This court order grants a discharge to the person named as the debtor. After notice and a hearing, the court has determined that the debtor is entitled to a discharge pursuant to section 1328(b) of the Bankruptcy Code without completing all of the payments under the chapter 13 plan. Because this discharge is granted pursuant to the hardship provisions of section 1328(b), it is referred to as a chapter 13 "hardship discharge." This order is not the dismissal of the case.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 13 "hardship discharge" order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

**Debts that are Not Discharged.**

Some of the common types of debts which are not eliminated by chapter 13 "hardship discharge" are:

a. Domestic support obligations;

b. Debts for most taxes; and, in a case filed on or after October 17, 2005, debts incurred to pay nondischargeable taxes;

c. Debts for most student loans;

d. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

e. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

f. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

g. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

h. Some debts which were not properly listed by the debtor;

i. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

j. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and,

k. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**